IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of HAMER ELECTRIC, INC., <br><br> Plaintiff, <br> v. <br><br> WU & ASSOCIATES, INC. and LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Defendants. | Case No.: 3:23-cv-01515-AN <br><br><br> OPINION AND ORDER |

      Plaintiff Hamer Electric, Inc. brings this action against defendants Wu & Associates, Inc. ("Wu") and Liberty Mutual Insurance Company (collectively, "defendants"), alleging claims under 40 U.S.C. § 3131 *et seq.* (the "Miller Act"), breach of contract, breach of good faith and fair dealing, and quantum meruit. On January 10, 2024, defendants filed a Motion to Change or Transfer Venue, ECF [21]. Oral argument was held on the motion on April 2, 2024. For the following reasons, defendants' motion is GRANTED.

## LEGAL STANDARD

      28 U.S.C. § 1404(a) authorizes district courts to transfer a case to another venue "[f]or the convenience of parties and witnesses, in the interest of justice[.]" Whether to transfer venue is a discretionary decision. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 F.3d 495, 498 (9th Cir. 2000).

      In the absence of a valid forum selection clause, a motion to transfer venue is considered by weighing public and private factors. These factors include: (1) where relevant agreements were negotiated and executed; (2) which state is most familiar with the governing law; (3) plaintiff's choice of forum; (4) the respective parties' contacts with the forum and the contacts relating to the plaintiff's cause of action in the forum selected; (5) the differences of costs in litigating in the two forums; (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (7) the ease of access to sources of proof. *Jones*, 211 F.3d at 498-99.

1

However, when the motion is predicated on a valid forum selection clause, district courts may only consider the public interest factors. *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 62-64 (2013). These include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Fleming v. Matco Tools Corp.*, 384 F. Supp. 3d 1124, 1129 (N.D. Cal. 2019) (citing *Atl. Marine*, 571 U.S. at 62-64).

Although a moving defendant generally must make a strong showing of inconvenience to establish that a venue transfer is warranted, *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), when a forum selection clause is found to be valid, "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed," *Atl. Marine*, 571 U.S. at 63-64. Even if a forum selection clause is valid, a court may still decline to transfer a case if "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Lee v. Fisher*, 70 F.4th 1129, 1143 (9th Cir. 2023).

## BACKGROUND

Plaintiff is a corporation incorporated in Washington with a principal place of business in Washington that performs contracting work for electrical services. Compl., ECF [1], ¶ 1. Wu is a corporation incorporated in Pennsylvania with a principal place of business in New Jersey that performs general contracting for design-build services. *Id.* ¶ 2. Wu entered into a contract with the United States of America, through the Federal Aviation Administration, to design and build a federal building at the Portland International Airport (the "Project"). *Id.* ¶ 8.

On January 28, 2020, Wu and plaintiff executed a subcontract for plaintiff to perform construction, alteration, and electrical work on the Project. *Id.* ¶ 9. The subcontract agreement is composed of multiple documents, one of which includes the following provision:

> "Other than claims brought pursuant to or under the Miller Act, 40 U.S.C. § 3133, et seq., in the event of any claim or dispute between the Contractor and the Subcontractor, regardless of the venue of the Project, all claims or disputes arising out of this Subcontract may only be litigated in the Superior Court of New Jersey, in Camden County, NJ by either party, except claims brought pursuant to or under the Miller Act, 40 U.S.C. § 3133, *et seq.*

> "For claims pursuant to or under the Miller Act, 40 U.S.C. § 3133, et seq., such claims must be litigated in the United States District Court for the District of New Jersey in Camden, New Jersey. Both parties hereto specifically and intentionally waive any venue requirement of the Miller Act, and expressly consent to venue for such claims to be heard only in the United States District Court for the District of New Jersey in Camden, New Jersey."

Mot. to Change or Transfer Venue, ECF [21], at 3; Decl. of Matthew L. Erlanger, ECF [22], Ex. 1, at 26-27.

## DISCUSSION

Defendants ask this Court to transfer this case to the District of New Jersey pursuant to the forum selection clause in the subcontract agreement. Thus, the Court turns first to the validity of the clause.

**A.  Validity of the Forum Selection Clause**

"Forum selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Plaintiff advances two primary arguments for why the forum selection clause in the subcontract agreement is invalid.

First, plaintiff argues that the clause is invalid under Oregon law because Oregon Revised Statute ("ORS") § 701.640 voids any provision in a construction contract that "[m]ake the construction contract subject to the laws of another state or that requires any litigation, arbitration or other dispute resolution proceeding arising from the construction contract to be conducted in another state[.]" However, as defendants point out, "[t]he validity of a forum-selection clause is governed by federal law." *Lewis v. Liberty Mut. Ins. Co.*, 953 F.3d 1160, 1164 (9th Cir. 2020); *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013). Although plaintiff argues that federal courts "must apply state substantive law to state law claims, including the forum state's choice of law rules," *Love v. Assoc. Newspapers, Ltd.*, 911 F.3d 601, 610 (9th Cir. 2010), the validity of a forum selection clause does not involve analysis of a state law claim. Rather, it assesses whether the clause may be enforced under federal law.

Plaintiff also points to a District of Oregon case in which a forum selection clause was deemed invalid based on ORS § 701.640. *J. Lilly, LLC v. Clearspan Fabric Structures, Int'l, Inc.*, 2018

3

WL 7443545, at *4 (D. Or. Oct. 2, 2018). However, this case makes no mention of the binding Ninth Circuit precedent clearly holding that the validity of forum selection clauses is governed by federal law. Given the explicit guidance offered by the Ninth Circuit, the Court analyzes the validity of the parties' forum selection clause under federal law.

Under federal law, a forum selection clause may be invalid if the plaintiff makes a strong showing that "(1) the clause is invalid due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,' or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that [the plaintiff] will for all practical purposes be deprived of his day in court.'" *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *M/S Bremen*, 407 U.S. at 15, 18). Plaintiff's argument regarding the applicability of ORS § 701.640 raises the question of whether enforcement of the clause would contravene a strong Oregon public policy.

The Court is unconvinced that any public policy expressed by ORS § 701.640 necessitates that the dispute be adjudicated in Oregon. Plaintiff argues that the public policy evinced by ORS § 701.640 is Oregon's desire to "adjudicate construction contracts within [its] own judicial system" and to "protect local contractors and lower-tiered subcontractors from getting bullied by larger out-of-state owners and general contractors." Pl.'s Resp. to Mot., ECF [25], at 15. However, plaintiff is not a local company. Plaintiff may conduct work in Oregon, but it is incorporated in Washington and maintains its principal place of business in Washington. Plaintiff bases its understanding of the public policy evinced by ORS § 701.640 on a law review article and findings by other courts. Even taking this proposition at face value, plaintiff has provided no other evidence or arguments to demonstrate why Oregon would have a strong public policy in favor of protecting out-of-state entities.

Indeed, none of the cases that plaintiff cites as support for the proposition that statutes prohibiting forum selection clauses demonstrate a state's strong public policy involved out-of-state plaintiffs. *See J. Lilly, LLC*, 2018 WL 4773545, at *4 (involving Oregon plaintiff and out-of-state defendant); *Willis v. Nationwide Debt Settlement Grp.*, 878 F. Supp. 2d 1208 (D. Or. 2012) (invalidating

4

forum selection clause based on ORS § 81.150, which is limited to consumer contracts entered into "when the consumer was a resident of [Oregon]"); *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 916 (9th Cir. 2019) (involving in-state plaintiff and out-of-state defendant); *Jones*, 211 F.3d at 496 (involving in-state plaintiff and out-of-state defendant). Nor has plaintiff identified a single case in which ORS § 701.640 was used to invalidate a forum selection clause invoked against a non-Oregon based plaintiff.

Put simply, plaintiff has not demonstrated that, even if ORS § 701.640 evinces a strong public policy, plaintiff is an entity that the legislature intended to protect via that policy. Thus, the forum selection clause in the subcontract agreement is valid because enforcing it does not contravene a strong public policy of Oregon.

**B.    Public Interest Factors**

Because the parties have a valid forum selection clause, the Court assesses only the public interest factors to determine whether transfer is appropriate. *Atl. Marine Constr. Co.*, 571 U.S. at 62-64. All private interest factors are presumed to be in favor of granting the motion to transfer venue. *Id.*

Administrative difficulties are assessed by considering "whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet Corp. v. Jensen*, 743 F.32d 1325, 1337 (9th Cir. 1984). As of December 2023, the median time for a civil case to proceed from filing to trial was 50.8 months in the New Jersey District Court and 43.3 months in the Oregon District Court. *Federal Court Management Statistics*, U.S. Cts. (Dec. 2023), https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-december-2023. This represents a 7.5-month difference. In *Wolfe v. RV Factory LLC*, an 8.9-month difference weighed only "slightly in favor of denying" a motion to transfer venue. No. 3:15-cv-02424-SI, 2016 WL 1117425, at *3 (D. Or. Mar. 22, 2016). The Court finds that this factor is neutral.

The local interest factor generally weighs in favor of maintaining claims in the location of the relevant incident. Here, the Project was performed in Oregon, and the contract was entered into in Oregon. Thus, this factor weighs against granting the motion.

5

Finally, the third factor weighs in favor of granting the motion because this case was brought under federal question jurisdiction. Although it contains state law claims, "federal judges routinely apply the law of a State other than the State in which they sit" and plaintiff has not identified any "exceptionally arcane features of [Oregon] contract law that are likely to defy comprehension by a federal judge sitting in [New Jersey]." *Atl. Marine*, 571 U.S. at 68.

In sum, the private factors weigh in favor of granting the motion, one public factor is neutral, one public factor weighs against granting the motion, and one public factor weighs in favor of granting the motion. On balance, plaintiff has not demonstrated extraordinary circumstances that would warrant denying the motion to transfer venue.

## CONCLUSION

Accordingly, defendants' Motion to Change or Transfer Venue, ECF [21], is GRANTED. This case is transferred to the U.S. District Court for the District of New Jersey.

IT IS SO ORDERED.

DATED this 21st day of June, 2024.

Adrienne Nelson
United States District Judge